# EXHIBIT B-1

FILED
2016-CCL-00153
2/12/2016 3:32:13 PM
Sylvia Garza-Perez
Cameron County Clerk

2016-CCL-00153

CAUSE NUMBER _____

| | | |
|---|---|---|
| RAMOS VARGAS<br>Plaintiff, | §<br>§<br>§ | IN THE COUNTY COURT |
| | § | Cameron County - County Court at Law III |
| vs. | §<br>§<br>§<br>§ | NO. _____ |
| STANDARD GUARANTY<br>INSURANCE COMPANY<br>Defendant | §<br>§<br>§<br>§<br>§<br>§ | CAMERON COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, RAMOS VARGAS (hereinafter referred to as ("PLAINTIFF"), and files his first Original Petition against DEFENDANT, STANDARD GUARANTY INSURANCE COMPANY for cause of action would respectfully show the Court the following:

### I. Discovery

Pursuant to Rule 47 of the Texas Rules of Civil Procedure, PLAINTIFFS seek damages of monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. PLAINTIFF seeks this case be prosecuted under "Level 1 – Expedited Actions" according to the Texas Rules of Civil Procedure specifically sections 47, and 169. Specifically, PLAINTIFFS seek damages of monetary relief of no more than $75,000.00.

### II. Service of Process

1

Defendant, may be served with process by serving citation and a copy of this Original Petition by Certified Mail Return Receipt Requested on its agent for service STANDARD GUARANTY INSURANCE COMPANY, 260 INTERSTATE NORTH CIR SE, ATLANTA, GA 30339-2210.

DEFENDANT is in the business of insurance in the State of Texas. The insurance business done by DEFENDANT in Texas includes, but is not limited to the following:

1. The making and issuing of contracts of insurance with the PLAINTIFF;
2. The taking or receiving of application for insurance, including the PLAINTIFF'S application for insurance;
3. The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the PLAINTIFF;
4. The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the PLAINTIFF;
5. The adjusting and inspection of PLAINTFF'S insurance claims;
6. Making insurance coverage decisions;
7. Taking part in making insurance coverage decisions; and
8. Making representations to PLAINTIFF as being an agent for an insurance company with authority to make coverage decisions;

III. Jurisdiction and Venue

Venue of this action is proper in CAMERON County, Texas because: the policy at issue was issued and delivered in CAMERON County, Texas; the property insured is situated in CAMERON County, Texas; PLAINTIFF'S losses occurred in CAMERON County, Texas, and all or part of the events made the basis of this lawsuit and giving rise to PLAINTIFF'S claims and causes of action occurred in CAMERON County, Texas.

## IV.   Facts

DEFENDANT and/or its agents committed the actions alleged against PLAINTIFF in this complaint. PLAINTIFF owns the property located at: 1758 Marquette Avenue, Brownsville, Texas with Policy# SLS21186636043; Claim# 00200762619. DEFENDANT provided coverage to the PLAINTIFF for such building, personal property, and other matter. During the term of said policy, PLAINTIFF sustained covered losses in the form of a hail/windstorm event on or about May 23, 2015 in CAMERON County, and water damages resulting there from, including damage to the architectural finishes of the property. PLAINTIFF promptly reported losses to DEFENDANT pursuant to the terms of the insurance policy. As a result, PLAINTIFF'S property sustained damage, including the cost of destruction and restoration of the property necessary to access and fix the damaged areas. These are covered damages under PLAINTIFF'S insurance policy with DEFENDANT. PLAINTIFF has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, including injuries sustained as a result of having conduct business during the pendency of DEFENDANT'S conduct.

## V.   Conditions Precedent

All notices and proofs of loss were timely and properly given to DEFENDANT in such manner as to fully comply with the terms and conditions of the relevant insurance

3

policies or other contracts and applicable law. More than sixty days prior to the filing of this suit, written demand for payment and notice of complaint pursuant to Texas Insurance Code, section 541 and Business and Commerce Code section 17.505(a), was sent to DEFENDANT. All of the conditions precedent to bring about this suit under the insurance policy has occurred. Despite the fact that all conditions precedent to PLAINTIFF'S recovery has been performed, DEFENDANT has failed and refused to pay PLAINTIFF a just amount in accordance with their contractual obligations, agreements, and representations.

## VI. Breach of Contract

PLAINTIFF purchased an insurance policy with DEFENDANT. PLAINTIFF'S property was damaged by the hail/windstorm and water damage, of which are covered under the insurance policy. DEFENDANT has denied and/or delayed payment of PLAINTIFF'S covered claims. DEFENDANT has no reasonable basis for denying, delaying, or failing to pay PLAINTIFF'S claims for damages. DEFENDANT knew or should have known that there was no such reasonable basis to deny, delay, and fail to pay such claims. The conduct of DEFENDANT was irresponsible, and unconscionable. DEFENDANT took advantage of the PLAINTIFF'S lack of sophistication in insurance and construction matters to a grossly unfair degree. DEFENDANT has, by its conduct, breached its contract with the PLAINTIFF. The conduct of DEFENDANT has proximately caused the injuries and damages to the PLAINTIFF.

## VII.   Second Cause of Action: DTPA Violations

PLAINTIFF is a consumer entitled to relief under the Texas Deceptive Trade Practices—Consumer Protection Act ("DTPA"). By its conduct outlined above,

4

DEFENDANT has engaged in the following violations of the DTPA which, together and separately, have been a producing cause of PLAINTIFF'S damages:

(a) DEFENDANT made false representations about PLAINTIFF'S rights, remedies and obligations under the policies at issue. These statements were a misrepresentation of the insurance policies and their benefits in violation of §§17.46(b)(5), (7), (12) and (14), Texas Business & Commerce Code;

(b) DEFENDANT'S actions constitute an unconscionable course of conduct entitling PLAINTIFF to relief under §17.50(a)(1), (2), (3), and (4) of the Texas Business & Commerce Code;

(c) DEFENDANT failed to disclose information to PLAINTIFF concerning the nature and extent of their insurance policy which was known by DEFENDANT at the time for the purpose of inducing PLAINTIFF into transactions which he would not have otherwise entered in violation of section 17.46(b)(9) and (23), Texas Business and Commerce Code;

(d) As described above, DEFENDANT violated Chapter 541, Texas Insurance Code, entitling PLAINTIFF to relief under section 17.50(a)(4), Texas Business and Commerce Code.

DEFENDANT took advantage of PLAINTIFF'S lack of knowledge in construction and insurance claims processes, misrepresented losses covered under the insurance policy, and failed to disclose pertinent information regarding damages to the PLAINTIFF'S property. DEFENDANT conduct as described herein was a producing cause of damages to PLAINTIFF for which PLAINTIFF sues. The conduct of the DEFENDANT was more than just a mistake, and was done "knowingly" and/or

"intentionally" as that term is derived by statute. Because of that, DEFENANT may be subject to liability for additional damages under the Texas Deceptive Trade Practices Act. PLAINTIFF seeks an award of additional damages under the DTPA in an amount not to exceed three times the amount of economic damages.

### VIII. Unfair Insurance Practices

DEFENDANT failed to inform PLAINTIFF of material facts such as the true scope of damage and cost to repair. DEFENDANT failed to properly process claims and have misrepresented material facts to the PLAINTIFF. DEFENDANT has failed to address all damage to the property and its contents causing further damage to the PLAINTIFF. Further, DEFENDANT has intentionally failed to fully investigate the loss; failed to properly convey all information to PLAINTIFF; and has intentionally ignored damages to the dwelling. PLAINTIFF'S property suffered from covered losses and damages of which DEFENDANT is fully aware. DEFENDANT has concealed damage known by it to exist. DEFENDANT has known about covered windstorm and water damages but has failed to perform proper testing and concealed facts from PLAINTIFF about the damages, ignoring PLAINTIFF'S pleas for help. DEFENDANT has failed to warn PLAINTIFF of consequential damage to their property.

By its conduct outlined above, DEFENDANT committed unfair practices in the business of insurance prohibited by Chapter 541, Texas Insurance Code, and the statutes, rules and regulations incorporated therein. DEFENDANT committed the following acts in violation of Texas Insurance Code and Texas Administrative Code:

(1) DEFENDANT failed to, with good faith, effectuate a prompt, fair, and equitable settlement of the PLAINTIFF'S claims once liability became reasonable clear

6

(Tex. Ins. Code Ann. 541.060(a)(2)(A); Tex. Ins. Code Ann. 542.003(b)(4); 28 TAC section 21.203(4));

(2) DEFENDANT failed to provide promptly to PLAINTIFF a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for denial of the claim or for the offer of a compromise settlement of the claim (Tex. Ins. Code Ann. 541.060(a)(3); 28 TAC section 21.203(9));

(3) DEFENDANT refused to pay a claim without conducting a reasonable investigation with respect to that claim (Tex. Ins. Code Ann. 541.060(a)(7); TAC section 21.203(15));

(4) DEFENDANT breached its duty of good faith and fair dealing at common law;

(5) DEFENDANT failed to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurer's policies (Tex. Ins. Code Ann. 542. 003(b)(3); 28 TAC section 21.203(3));

(6) DEFENDANT compelled PLAINTIFF to institute a suit to recover an amount due under a policy by offering substantially less than the amount ultimately recovered in a suit brought by the policyholder (Tex. Ins. Code Ann. 542.003(b)(5); 28 TAC section 21.203(6);

(7) DEFENDANT violated the Prompt Payment of Claims Statute (28 TAC section 21.203(18));

(8) DEFENDANT committed the following unfair methods of competition or deceptive acts or practices in the business of insurance in violation of Texas Insurance Code and the Texas Administrative Code by:

7

  (a) DEFENDANT made, issued or circulated or caused to be made, issued or circulated an estimate, illustration, circular or statement misrepresenting with respect to the policy issued or to be issued:

    (i) the terms of the policy; and/or

    (ii) the benefits or advantages promised by the policy.

  (b) DEFENDANT made an untrue statement of material fact (Tex. Ins. Code Ann. 541.060(a)(1); 28 TAC section 21.203(1));

  (c) DEFENDANT failed to state a material fact necessary to make other statements made not misleading considering the circumstances under which statements were made; and

  (d) DEFENDANT made statements in a manner that would mislead a reasonably prudent person to a false conclusion of material fact.

  (e) Refusing, a settlement offer under applicable first-party coverage on the basis that other coverage may be available or that third parties are responsible for the damages suffered, except as may be specifically provided in the policy (Tex. Ins. Code Ann 541.060(a)(5); 28 TAC section 21.203(11);

DEFENDANT'S conduct as described herein was a producing cause of damages to PLAINTIFF for which he sues.

    IX. Breach of the Duty of Good Faith and Fair Dealing

From and after the time the PLAINTIFF'S claims were presented to DEFENDANT, liability to pay the claims in accordance with the terms of insurance policies referenced above has been reasonably clear. Despite there being no basis

8

whatsoever on which a reasonable insurance company would have relied to deny and/or delay payment for PLAINTIFF'S claims, DEFENDANT refused to accept the claims in totality and pay the PLAINTIFF as the policy required. At that time, DEFENDANT knew or should have known by the exercise of reasonable diligence that their liability was reasonably clear. DEFENDANT failed to conduct a reasonable and proper inspection of the claims and refused to rely on the true facts, resorting instead to producing faulty, incomplete and biased reasons to avoid paying a valid claim. This constitutes failing to handle or process the PLAINTFF'S claims in good faith, an affirmative duty placed on the Defendant, as expressly stated by the Texas Supreme Court in *Vail v. Wellington Insurance Company*, 754 S.W.2d 129 at 135 (Tex. 1988). Through the actions described above, DEFENDANT breached its duty to deal fairly and in good faith with the PLAINTIFF. DEFENDANT'S breach was a proximate cause of the losses, expenses and damages suffered by the PLAINTIFF for which they sue.

X.  Texas Insurance Code 542, Subchapter B Delay in Payment

PLAINTIFF gave prompt notice of their claims to DEFENDANT. DEFENDANT has engaged in unfair settlement claims practices as discussed above and denied and/or has delayed payment on PLAINTIFF'S claim. DEFENDANT'S reliance on reports and estimates from its adjusters and investigating adjusters has been "merely pretextual" and unreasonable. DEFENDANT'S investigation and use of adjusters' reports was an "outcome oriented investigation." DEFENDANT failed to comply with the requirements of Chapter 542 listed herein:

9

    (a)    Failing to pay PLAINTIFF'S claim within 60 days of receiving all of the items, statements, and forms required by the insurer to secure final proof of loss, of the acceptance or rejection of a claim; and

    (b)    Failing to request all of the items, statements and forms the Defendant reasonably believed at the time would be required from PLAINTIFF'S to pay the claim within 15 days after receiving notice of the claim.

Pursuant to Texas Insurance Code Chapter 542, Subchapter B, PLAINTIFF is entitled to recover from DEFENDANT the statutory penalty of 18% per annum on all amounts due on PLAINTIFF'S claims, together with attorney's fees, for which they sue.

XI.

PLAINTIFF'S allege that as to any terms, conditions, notices, or requests under the insurance contract, PLAINTIFF has substantially complied and/or is excused. In the alternative, PLAINTIFF makes the allegation of waiver and/or estoppel as to every defense or exclusion plead by DEFENDANT as to any exclusion, condition, or defense pled by DEFENDANT, PLAINTIFFS would show that:

1. The clear and unambiguous language of the policy provides coverage for dwelling damage caused by windstorm and water damage, including the cost of access to fix the damaged areas. Any other construction of the language of the policy is void as against public policy;

2. Any other construction and its use by DEFENDANT violates section 541 and 542 of the Texas Insurance Code and are void as against public policy;

10

3. Any other construction violates Art. 17.50 of the Texas Business and Commerce Code, is unconscionable, was procured by fraudulent inducement, and is void as against public policy;

4. Any other construction is otherwise void as against public policy, illegal, and volatiles state law and administrative rule and regulation;

5. The adoption of any other construction constitutes wrongful or bad faith cancellation and/or refusal to renew a portion of PLAINTIFF'S predecessor policy with DEFENDANT. In this regard, PLAINTIFF would show that his insurance policy was renewed uninterrupted for many years; and

6. The adoption of any other construction constitutes conduct in violation of the laws of this state, including section 541 and 542 of Texas Insurance Code is void as against public policy.

If this Court finds any ambiguity in the policy, the rules of construction of such policies mandate the construction and interpretation urged by PLAINTIFF. In the alternative, DEFENDANT is judicially, administratively, or equitably estopped from denying PLAINTIFF'S construction of the policy coverage at issue. To the extent that the wording of such policy does not reflect the true intent of all parties thereto, PLAINTIFF pleads the doctrine of mutual mistake requiring reformation.

XII.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF respectfully requests this Honorable Court for the following relief: That upon final hearing and trial hereof, this Honorable Court grant to the PLAINTIFF such relief as to which he may show

himself justly entitled, either at law or in equity; either general or special, including declaratory judgment, judgment against the Defendant for actual attorney's fees, cost of suit, mental anguish, DTPA violations, Texas insurance code violations, statutory penalties, and prejudgment and post judgment interest, including judgment for additional damages and punitive damage under the facts set forth in this or any amended pleading in exceeding the minimal jurisdicted limits of the court.

### XIII. Jury Demand

PLAINTIFF requests this Court empanel a jury to sit in the trial of this matter. The requisite jury fee will be paid as required by law.

### XIV. Requests for Disclosure

Under Texas Rule of Civil Procedure 194, PLAINTIFF requests that DEFENDANT disclose, within 50 days of the service of this request, the information or material described in Texas Rule of Civil Procedure 194.

Respectfully submitted,

**V. GONZALEZ & ASSOCIATES, P.C.**
121 N. 10th St.
McAllen, Texas 78501
Telephone: (956) 630-3266
Facsimile: (956) 630-0383

/s/ *Krystal Garza*
**KRYSTAL GARZA**
State Bar No. 24091855
krystal@vgonzalezlaw.com
*ATTORNEYS FOR PLAINTIFF*

12